# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MELANIE STURM, individually and as a beneficiary of the Mickey Stern Trust dated March 3, 2004, as amended and restated; et al. ,

Plaintiffs,

v.

GLEN McFADDEN RASMUSSEN, et al.,

Defendants.

Case No.: 18-CV-01689-W-BLM

**ORDER DENYING MOTION TO DISMISS [DOC. 6]**

Pending before the Court is Defendant Glen McFadden Rasmussen's motion to dismiss Plaintiffs' request for punitive damages. Plaintiffs oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1 (d.1). For the reasons stated below, the Court **DENIES** the motion [Doc. 6].

//

//

1

## I. BACKGROUND

Defendants are Glen McFadden Rasmussen and his law corporation, Glen McFadden Rasmussen, Attorney at Law, APC (collectively "Rasmussen"). (*Compl.* [Doc. 1] ¶¶ 4, 5.) Plaintiffs are Melanie Strum and Robert Strum, the two children of Mickey Stern, and beneficiaries of the Mickey Stern Trust, dated March 3, 2004, as amended and restated. (*Id.* ¶¶ 10, 189.)

According to the Complaint, in August 2015, Mickey retained Rasmussen to modify her existing estate plan with the intention of being more generous to her children, Melanie and Bob. (*Compl.* ¶¶ 24–26.) At the time, Rasmussen had represented Mickey for several years in other matters. (*Id.* ¶ 32.) After advising Mickey that the Trust could be amended to effectuate her intentions, Rasmussen presented her with two amendments to the Trust, the last of which was executed on approximately September 28, 2015. (*Id.* ¶¶ 73–75, 79–80.) Mickey died on July 1, 2016. (*Id.* ¶ 133.) Plaintiffs allege that after her death, they discovered the amendments deviated from Mickey's intentions, and that Rasmussen had a conflict of interest in that he influenced Mickey into making a $100,000 bequest to an entity with which Rasmussen was intimately associated. (*Id.* ¶¶ 87, 126, 128.)

On July 24, 2018, Plaintiffs filed this lawsuit asserting professional negligence, breach of fiduciary duty, and constructive fraud causes of action. In addition to compensatory damages, Plaintiffs seek an award of punitive damages. (*Compl.* ¶ 2 in Prayer for Relief.) Rasmussen now seeks to dismiss Plaintiffs' prayer for punitive damages under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). To survive a

2

18-CV-01689-W-BLM

motion to dismiss, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964–65 (2007). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). Additionally, in evaluating the motion, the court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002).

### III. DISCUSSION

Rasmussen argues the punitive-damage prayer should be dismissed because Plaintiffs do not allege sufficient facts to support the claim. (*P&A* [Doc. 6-1] 5:16–6:7.) Plaintiffs respond that a "Rule 12(b)(6) motion to dismiss is not a proper mechanism with which to challenge a prayer for punitive damages." (*Opp'n* [Doc. 9] 7:7–9.)

The "interpretation of the Federal Rules of Civil Procedure begins with the relevant rule's "plain meaning." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citing Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1111 (9th Cir.2002)). By its very terms, Rule 12(b) pertains to defenses "to a claim for relief in any pleading" and subsection (6) allows the filing of a motion for "failure to state a claim upon which relief can be granted[.]" Fed.R.Civ.P. 12(b)(6).

"Punitive damages constitute a remedy, not a claim." Oppenheimer v. Southwest Airlines Co., 2013 WL 3149483, *3 (S.D. Cal. June 17, 2013) (citing Cohen v. Office Depot, Inc., 184 F.3d 1292, 1297 (11th Cir. 1999) (overruled on other grounds)) (other citations omitted). Additionally, the availability of punitive damages does not "control or even pertain to the sufficiency of any claim." Id. (citations omitted). Because a "12(b)(6) motion to dismiss challenges the legal sufficiency of the pleadings, not the appropriateness of the relief sought," a motion to dismiss is not the proper mechanism to challenge a prayer for punitive damages. Id. at *4 (citations omitted); see also United

States v. Maricopa Cnty., Ariz., 915 F. Supp. 2d 1073, 1082 (D. Ariz. 2012) ("A 12(b)(6) motion to dismiss challenges the legal sufficiency of the pleadings, not the appropriateness of the relief sought"); Andrawes v. Flora Media, Inc., 2018 WL 1942197, *2 (C.D. Cal. March 16, 2018) ("However, 'because punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)").

Rasmussen nevertheless contends there is "ample authority" holding punitive damages may be challenged by a motion to dismiss. (*Reply* [Doc. 12] 2:2–3.) In support of this argument, he cites La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC, 2017 WL 4870374 (S.D. Cal. Oct. 27, 2017). Rasmussen's reliance on La Jolla Spa is misplaced because the court did not evaluate the issue.

In La Jolla Spa, the defendant argued plaintiff's punitive damage prayer should be dismissed because it failed to meet federal pleading standards. Id. at *7. In opposing the motion, the plaintiff argued the prayer was sufficiently stated; plaintiff did not argue a Rule 12(b)(6) motion was the improper mechanism for dismissing the damage prayer. Given these arguments, La Jolla Spa never evaluated whether the damage prayer could be challenged under Rule 12(b), but relying on three other cases stated that "[d]istrict courts are authorized to dismiss claims for damages when raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Two of the three cases the court relied on were from district courts, Linares v. CitiMortgage, Inc., 2015 WL 2088705 (N.D. Cal. May 5, 2015) and R Power Biofuels, LLC v. Chemex LLC, 2016 WL 6663002 (N.D. Cal. Nov. 11, 2016), and the third was from the Ninth Circuit, Whittlestone, 618 F.3d 970. However, similar to La Jolla Spa, neither Linares nor R Power Biofuels evaluated whether a damage prayer may be challenged under Rule 12(b)(6) motion, and instead relied on Whittlestone. But whether Whittlestone supports this holding is in dispute.

In Whittlestone, the defendant filed a Rule 12(f) motion to strike punitive damages. Under Rule 12(f), a court may strike material from a pleading that is: "(1) an insufficient

4

defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." Fed.R.Civ.P. 12(f). Despite these enumerated grounds, the defendant's motion to strike raised a ground for granting a Rule 12(b)(6) motion to dismiss. Specifically, defendant argued plaintiff's prayer for profits and consequential damages should be dismissed because they were barred under the contract, and thus precluded as a matter of law. Id. at 974. Faced with this incongruity, Whittlestone held "that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." 618 F.3d at 974–75. Instead, the court stated Rule 12(b)(6) or Rule 56 is better suited where a party "attempt[s] to have certain portions of [plaintiff's] complaint dismissed or to obtain summary judgment…." Id. at 974.

Absent from Whittlestone is any analysis regarding whether a damage prayer constitutes a "claim for relief" under Rule 12(b) or whether a 12(b)(6) motion is the proper mechanism for challenging a damage prayer. The absence of any analysis regarding the rule's plain meaning appears to have led other district courts to interpret Whittlestone narrowly as authorizing a motion to dismiss a damage prayer only where defendant contends the damages are precluded as a matter of law. See Herd v. County of San Bernardino, 311 F. Supp. 2d 1157, 1165–66 (C.D. Cal. 2018) (distinguishing Whittlestone because defendant argued damages were immaterial and impertinent, not barred as a matter of law); Houston Casualty Co. v. Crum & Forster Insurance Co., 2016 WL 4494444, *3–4 (E.D. Cal. Aug. 25, 2016) (finding that Whittlestone does not apply where defendant argues counterclaim is redundant, not that claim fails as a matter of law); Viramontes v. Pfizer Inc., 2016 WL 4615521, *5–6 (E.D. Cal. Sept. 6, 2016) (reasoning Whittlestone applies where dismissal of damage claim would amount to dismissal of the claim for relief).

This Court agrees with this narrow interpretation, which finds support in the growing number of district court cases finding Rule 12(b)(6) generally inapplicable to damage prayers. See e.g. Andrawes, 2018 WL 1942197, at *2 ("'[b]ecause punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether

5

any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)'") (quoting Oppenheimer, 2013 WL 1942197, *4); Shabazz v. Beard, 2018 WL 1071173, at *10 (E.D.Cal. Feb. 27, 2018) ("The Court is not convinced, however, that a Rule 12(b)(6) motion to dismiss is the appropriate vehicle to challenge the sufficiency of a prayer for punitive damages.") (citing Elias v. Navasartian, 2014 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017)); Jordan v. United States, 2015 WL 5919945, at *3 (S.D. Cal. Oct. 8, 2015) ("Rule 12(b)(6) permits dismissal for failure to state a claim. A prayer for damages constitutes a remedy, not a claim within the meaning of Rules 8(a)(2) or 12(b)(6)."); Maricopa Cnty., Ariz., 915 F. Supp. 2d at 1082 ("A 12(b)(6) motion to dismiss challenges the legal sufficiency of the pleadings, not the appropriateness of the relief sought").

Here, Rasmussen's motion does not contend punitive damages are precluded as a matter of law. Instead, he argues the Complaint "sets forth no factual allegations of conduct by Defendants that" support a punitive damages award. (*P&A* 10:20–22.) Because punitive damages are not a claim for relief, Rasmussen's motion to dismiss for failure to state a claim is improper.

Rasmussen also appears to argue that even if Rule 12(b)(6) is not the proper rule to challenge the punitive damage prayer, the motion should be construed "to be the type proper for the relief requested." (*Reply* [Doc. 12] 2:7–9.) But the grounds for granting a motion to strike differ from the grounds for granting a motion to dismiss. And Rasmussen has not argued, for example, that Plaintiffs' request for punitive damages is immaterial or impertinent under Rule 12(f). Accordingly, even if this Court were to construe Rasmussen's motion to dismiss as a motion to strike, Rasmussen has failed to demonstrate the prayer for punitive damages is "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (4) scandalous." Fed.R.Civ.P. 12(f).

//
//
//

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Rasmussen's motion to dismiss punitive damages [Doc. 6].

Dated: February 14, 2019

_____
Hon. Thomas J. Whelan
United States District Judge